1
2
3

**THE CAVANAGH LAW FIRM**
A Professional Association
1850 NORTH CENTRAL AVENUE
SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000
www.cavanaghlaw.com

4  William M. Demlong (SBN 012458)
5  wdemlong@cavanaghlaw.com
   John K. Wittwer (SBN 025035)
6  jwittwer@cavanaghlaw.com
   Tel:  (602) 322-4004
7  Fax: (602) 322-4101

8  Attorneys for Defendant

9

### IN THE UNITED STATES DISTRICT COURT

10

### FOR THE DISTRICT OF ARIZONA

11

| | |
|---|---|
| 12  Manios Properties, LLC, a California limited liability company, | No.: |
| 13                            Plaintiff, | **NOTICE OF REMOVAL** |
| 14  v. | |
| 15  Riverport Insurance Company of California, an Iowa corporation, | |
| 16 | |
| 17                            Defendant. | |

18          Defendant, Riverport Insurance Company, incorrectly designated as Riverport Insurance

19  Company of California (hereinafter "Riverport"), pursuant to 28 U.S.C. §§ 1332, 1441 and

20  1446, hereby notices the removal of the above-captioned case from the Superior Court of the

21  State of Arizona in and for the County of Maricopa ("Superior Court"), to the United States

22  District Court for the District of Arizona and in support thereof respectfully asserts:

23          1.      Defendant Riverport is an Iowa corporation with its principal place of business in

24  Urbandale, Iowa. As such, Riverport is a citizen of the State of Iowa.

25

2.     Upon information and belief, Steven E. Manios is the sole manager or member of Manios Properties, LLC. (*See* Exhibit 1 attached hereto, California Secretary of State, Statement of Information dated March 2, 2017). Therefore, upon information and belief, the Plaintiff, Manios Properties, LLC ("Plaintiff" or "Manios"), is and was at all relevant times a citizen of the State of California. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens."). Accordingly, there is complete diversity of citizenship between the parties.

3.     Plaintiff filed a lawsuit in the Superior Court of Arizona, in and for the County of Maricopa on or about May 3, 2017. The Complaint is styled Manios Properties, LLC v. Riverport Insurance Company of California, Civil Cause No. CV2017-006038. The Arizona Department of Insurance was served with a Summons, Complaint, Certificate of Compulsory Arbitration, and Jury Demand on May 8, 2017. The Complaint alleges two Counts: (1) breach of insurance contract and (2) bad faith.

4.     A true and complete copy of the Summons, Complaint, Certificate of Compulsory Arbitration, Jury Demand, Affidavit of Service, state court Coversheet, and most recent copy of the docket from the state court are attached as Exhibits 2 through 8, respectively.

5.     Plaintiff's Complaint alleges, among other things, that Riverport and/or its affiliate issued an insurance policy to Manios, policy number 2778502 ("Policy"), with a policy period beginning August 30, 2015 and ending on August 30, 2016, covering certain real property ("Property") located in Phoenix, Arizona. (Compl. ¶¶ 8-10). Plaintiffs' Complaint alleges that Riverport agreed to "insure [Manios] against financial loss resulting from direct physical loss of or damage to covered property . . . ." (Compl. ¶ 11).

6.     Plaintiff's Complaint alleges that between October 18, 2015 and October 25, 2015, a storm struck and damaged the Property, and that the storm included hail, high winds and rain. (Compl. ¶ 12). Plaintiff's Complaint alleges that on or about December 30, 2015,

Manios submitted a Notice of Claim (the "Claim") to Riverport. (Compl. ¶ 13). Plaintiff's Complaint Plaintiff's Complaint alleges that the estimated amount of Plaintiff's Claim for loss and damage to the Property is $217,984.22 in replacement cost value and $191,553.94 in actual cash value. (Compl. ¶ 26). Plaintiff's Complaint alleges that on or about June 15, 2016, Riverport sent a letter to Manios denying coverage for the Claim. (Compl. ¶ 15).

7.     Plaintiff's Complaint alleges the Claim is a covered loss under the Policy. (Compl. ¶ 57). Plaintiff's Complaint alleges that by wrongfully failing to process and pay the claim, Riverport breached its insurance contract with Manios and committed bad faith. (Compl. ¶¶ 38, 61). Plaintiff's Complaint requests judgment against Riverport for compensatory damages (including both contractual damages and extra-contractual or consequential damages), exemplary or punitive damages, attorneys' fees and costs, pre- and post-judgment interest, taxable costs pursuant to A.R.S. § 12-341, and such other and further relief as the Court deems just and proper. (Compl. at p. 11, Prayer for Relief).

8.     The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), because Plaintiff seeks recovery on an insurance claim where, according to paragraph 26 of the Complaint, the estimated amount of loss and damage to the Property is $217,984.22 in replacement cost value and $191,553.94 in actual cash value. (Compl. ¶ 26).

9.     Plaintiff also seeks recovery of costs and attorneys' fees in prosecuting its claims against Riverport. (Compl. ¶¶ 44, 67 and at p. 11, Prayer for Relief). Although predicting attorneys' fees is difficult, a court may look to an estimate value of attorney's fees in determining the amount in controversy. *Ansley v. Metropolitan Life Ins. Co.*, 215 F.R.D. 575, 577-78 (D. Ariz. 2003)(citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

10.     In addition to the foregoing, punitive damages may be considered when calculating the amount in controversy. *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d

1042, 1046 n.3 (9th Cir. 2000); *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1033-34 (N.D. Cal. 2002). Here, the value of Plaintiff's claim for punitive damages raises the amount in controversy even further above Seventy-Five Thousand Dollars ($75,000).

11.    This Notice of Removal is filed within the 30-day time limitation prescribed by 28 U.S.C. § 1446(b). Had Plaintiff timely filed this lawsuit in federal court, this Court would have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Removal is proper under 28 U.S.C. § 1441(a).

12.    Pursuant to 28 U.S.C. § 1446(d), Defendant will give written notice of the filing of this Notice of Removal to Plaintiff promptly after this Notice of Removal is filed with the Court. In accordance with Rule 3.6 of the Local Rules of Practice for the United States District Court for the District of Arizona, Defendant states that a copy of this Notice of Removal has been filed with the Clerk of the Maricopa County Superior Court. A copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit 9.

13.    This Notice is signed pursuant to Fed. R. Civ. P. 11, as required by LRCiv 3.6.

14.    The time in which Riverport has to answer or move with respect to the Complaint has not expired.

WHEREFORE, Riverport requests that the above referenced action now pending in Maricopa County Superior Court be removed to this Court.

/ / /

/ / /

/ / /

DATED this 1st day of June, 2017.

THE CAVANAGH LAW FIRM, P.A.


By:   s/John K. Wittwer
      William M. Demlong
      John K. Wittwer
      1850 North Central Avenue, Suite 2400
      Phoenix, Arizona 85004
      Attorneys for Defendant


**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of June, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

Michael N. Poli
Kesha A. Hodge
MERLIN LAW GROUP, P.A.
2999 North 44th Street, Suite 520
Phoenix, Arizona 85018
MPoli@merlinlawgroup.com
KHodge@merlinlawgroup.com
Attorneys for Plaintiff

  s/Cindy Noeding