**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manios Properties, LLC, a California limited liability company,<br><br>        Plaintiff,<br><br>v.<br><br>Riverport Insurance Company of California, an Iowa corporation,<br><br>        Defendant. | No. CV-17-01700-PHX-DLR<br><br>**ORDER** |

Plaintiff Manios Properties filed suit in state court against its property insurer, Defendant Riverport Insurance Company, for breach of contract, breach of the implied covenant of good faith and fair dealing, and bad faith. The case was removed to this Court based on diversity jurisdiction. (Doc. 1.) Defendant subsequently moved to stay the action and compel arbitration. (Doc. 6.) The motion is fully briefed. (Docs. 13, 18.) For reasons stated below, the motion is denied.[1]

**I. Background**

Plaintiff owns property consisting of five commercial real estate lots in Phoenix. Defendant issued an insurance policy covering the property effective August 30, 2015. Plaintiff alleges that in late October 2015, a hail storm caused considerable damage to the property for which it made a claim under the policy. Defendant denied the claim,

---

[1] The request for oral argument is denied because the issues are adequately briefed and oral argument would not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f).

asserting that the damage was the result of a prior storm that occurred before the policy took effect. (Doc. 13-5.) Plaintiff hired a public adjuster who sent a letter to Defendant challenging the denial of coverage. (Doc. 13-6.) Defendant acknowledged receipt of the letter, but did not substantively respond. This suit then commenced.

Defendant contends that Plaintiff's claims are subject to arbitration pursuant to the policy's mandatory arbitration provision, which provides, in pertinent part: "In case we fail to agree with you as to the meaning or effect of any provision of this policy, the disagreement shall be resolved by binding arbitration[.]" (Doc. 1-1 at 41.) Plaintiff argues that the arbitration clause is unenforceable for several reasons: (1) the clause is invalid due to a conflict with Arizona's standard fire insurance policy, (2) the clause is unconscionable, (3) Defendant has waived the right to arbitrate, and (4) the present claims fall outside the scope of the arbitration clause. Because the Court agrees with the latter argument, it need not address the other three.

## II. Legal Standard

The Federal Arbitration Act (FAA) provides that written agreements to arbitrate disputes "shall be valid, irrevocable, and enforceable except upon grounds that exist at common law for the revocation of a contract." 9 U.S.C. § 2; *see AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (discussing liberal federal policy favoring valid arbitration agreements). The district court's role is to answer two threshold questions: does a valid agreement to arbitrate exist, and does the agreement encompass the dispute at issue. *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). The court must compel arbitration if both questions are answered in the affirmative.

## III. Discussion

Here, the Court finds that the policy's arbitration clause, even if valid, does not encompass the dispute at issue because the dispute is over the actual date of loss, not the meaning or effect of any policy provision. Under Arizona law, if "the provisions of the contract are plain and unambiguous upon their face, they must be applied as written, and

the court will not pervert or do violence to the language used, or expand it beyond its plain and ordinary meaning or add something to the contract which the parties have not put there." *In Re Avondale Gateway Ctr. Entitlement, LLC*, No. 02-09-BK-12153-CGC, 2011 WL 1376997, at *1 (D. Ariz. Apr. 12, 2011) (quoting *D.M.A.F.B. Fed. Credit Union v. Employers Mut. Liab. Ins. Co.*, 396 P.2d 20, 23 (Ariz. 1964)). This rule of strict construction applies to provisions of insurance policies that also "are to be construed in a manner according to their plain and ordinary meaning." *U-Haul Int'l, Inc. v. Lumbermens Mut. Cas. Co.*, No. CV 04-0662 PHC-DGC, 2006 WL 2934352, at *2 (D. Ariz. Oct. 13, 2006) (quoting *Sparks v. Republic Nat. Life Ins. Co.*, 647 P.2d 1127, 1132 (Ariz. 1982)). Thus, because insurance contracts are strictly construed, insureds "are only bound to arbitrate those issues which by clear language they have agreed to arbitrate; arbitration agreements will not be extended by construction or implication." *Allstate Ins. Co. v. Cook*, 519 P.2d 66, 68 (Ariz. Ct. App. 1974).

The arbitration clause in this case, by its express terms, applies only to disagreements over the "meaning or effect of any provision" of the policy. (Doc. 1-1 at 41.) The parties dispute when the loss occurred, but do not disagree as to when the policy was in effect or the meaning of any policy *provision*. Thus, the arbitration clause – on its face – does not encompass the dispute at issue.

Defendant alludes in its reply brief to some dispute over whether the damage was covered as a direct physical loss caused by an "accident" (Doc. 18 at 8), but Defendant previously made clear in its denial letter that coverage was being denied based on its determination that "the loss *occurred prior to the inception of the very first Riverport policy*[.]" (Doc. 13-5 at 2 (emphasis added).) Defendant's investigation of the loss confirms that the coverage dispute is one of timing, as the investigation included research of the National Weather Service hail history and the use of inspectors who purportedly measured the size of the hail damage from the 2010 and 2015 storms. (*Id.*) Defendant ultimately concluded that the claimed loss occurred from the hail storm in October 2010 rather than the one five years later. (*Id.*) Thus, while the parties may dispute as a factual

matter when the loss occurred, they do not disagree about the meaning or effect of any "provision" of the policy.

Contrary to Defendant's assertion (Doc. 18 at 8), there is no good faith dispute over whether a hail storm – whenever it occurs – is an "accident" as defined in the policy: "an undesigned, unexpected and rapidly occurring event" (Doc. 13-5 at 3). The denial letter makes clear that coverage was denied because the accident – that is, the hail storm – did not occur during a covered policy period:

> As detailed above, investigation evidences that the damage here is not consistent with damage from hail from the October 25, 2015 hail storm but rather damage from a hail storm occurring on October 5, 2010 based on the size of the hail. As such the loss did not result from an accident ***which occurred during the current policy period nor any prior policy period for which Riverport issued a policy to the insured***. Riverport thus denies coverage for this loss. (*Id.* at 3-4 (emphasis added).)

It is worth noting that Plaintiff responded to the denial letter by challenging Defendant's conclusion that the hail damage was "likely caused by another storm" and asserting that Defendant has the burden of proving any "pre-existing condition." (Doc. 13-6 at 2-3.) Even in its reply brief, Defendant makes clear that the heart of the dispute is the actual date of loss: "Here, the parties obviously dispute whether the alleged hail damage resulted from an accident occurring during the policy period (storm in October 2015, as Plaintiff claims), versus an earlier storm (such as the storm in October 2010, as Riverport claims)." (Doc. 18 at 8-9.) In short, the issue in this case is a purely factual one as to whether the claimed damage occurred in 2010 or 2015. To resolve this dispute, the factfinder need not determine the effect or meaning of any policy provision.[2]

Defendant further asserts that the arbitration clause "is not limited to factual or legal or mixed questions" but instead applies broadly "to 'any' disagreement where the

---

[2] An example of a case involving the "meaning or effect of a policy provision" is *Kismet Properties, LLC v. QBE Speciality Insurance Co.*, No. CV 08-0042-PHX-EHC, 2008 WL 11339624 (D. Ariz. July 30, 2008). The relevant issue in *Kismet* was whether damage to property was covered under the policy as "vandalism" or excluded as "theft." *Id.* at *2. In this case, by contrast, no express provision of the policy is at issue – the question is simply a temporal one of when the loss occurred.

Policy's 'meaning or effect' is disputed." (Doc. 18 at 8.) It is true that application of the clause is not limited to purely legal questions or even mixed ones of law and fact. The clause is, however, limited to disagreements over a "provision" of the policy – not the policy as a whole or general coverage disputes.[3]

Although the FAA provides for a presumption of arbitrability when a contract contains an arbitration provision, *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986), this presumption is overcome by the "plain and ordinary meaning" of the arbitration clause in this case, *U-Haul Int'l*, 2006 WL 2934352, at *2. Courts generally give broad interpretation to arbitration clauses that express an intention to arbitrate "any controversy or claim arising out of or relating to an agreement," *see Chiron Corp.*, 207 F.3d at 1131, but the clause in this case is worded more specifically to cover only disagreements over the "meaning or effect of any *provision* of the policy." The Court will not, by "construction or implication," extend the clause's reach to disputes that the parties did not, by express terms, include within its scope. *Allstate Ins. Co.*, 519 P.2d at 68.

**IV. Conclusion**

In summary, because the factual dispute about the date of loss is not a disagreement over the meaning or effect of any policy provision, the arbitration has not been triggered. Defendant's motion to stay and compel arbitration therefore is denied.

**IT IS ORDERED** that Defendant's motion to compel arbitration and motion to stay (Doc. 6) is **DENIED**.

Dated this 15th day of August, 2017.

                                                          Douglas L. Rayes
                                                 United States District Judge

---

[3] *Cf. Kismet Properties*, 2008 WL 11339624, at *2-3 (finding that the arbitration clause applied because the parties disagreed over the meanings of the policy terms "theft" and "vandalism" and a general coverage dispute did not implicate the arbitration clause).